

| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | **ANGHARAD K. WILSON** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Senior Counsel*<br>Phone: (212) 356-2572<br>Fax: (212) 356-3509<br>awilson@law.nyc.gov |

March 6, 2018

**BY ECF**
Honorable Ann M. Donnelly
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Brittany Hamilton, et al. v. City of New York, et al.</u>, 17-cv-6384

Your Honor:

  I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of this matter on behalf of former Detective Frank DeLouisa and former Detective Investigator Joseph Ponzi ("New York City defendants"). New York City defendants write, in accordance with the Court's individual rules, to request a pre-motion conference in anticipation of their motion to dismiss the complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

  This case arises from the conviction of Derrick Hamilton for the January 4, 1991 murder of Nathaniel Cash, for which he served approximately twenty years in prison. The conviction was ultimately vacated on January 9, 2015, after an investigation by the Kings County District Attorney's Office Conviction Review Unit. Plaintiffs, who are Hamilton's ex-wife and children, allege that the defendants caused Hamilton's wrongful conviction, thereby violating plaintiffs' Fourteenth Amendment right to familial association with Hamilton. Specifically, plaintiffs allege that Detective DeLouisa assisted in coercing Jewel Smith, the only eyewitness to testify at the trial, into identifying Derrick Hamilton, and failing to turn over an exculpatory statement by Ms. Smith that she had not witnessed the shooting. Additionally, plaintiffs allege that, once the Kings County District Attorney's Office became involved, Detective Investigator Joseph Ponzi coerced Ms. Smith into testifying that Mr. Hamilton was the shooter.

However, even accepting these allegations as true, plaintiffs' complaint must be dismissed. First, plaintiffs have not alleged that the defendants' actions were directed at their relationship with Hamilton. Second, and relatedly, because it is not clearly established that something less than intentional conduct can give rise to a familial association claim, the New York City defendants are entitled to qualified immunity. Finally, all claims against Detective Investigator Ponzi must be dismissed, in any event, because, as an employee of the Kings County District Attorney's Office, he is entitled to absolute prosecutorial immunity.

*Familial Association.* It is well-established that there is a federal constitutional right to familial association. *See, Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). That right, "in at least some circumstances protects familial relationship from unwarranted government interference." *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002). However, the Supreme Court has found that, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official act most likely to rise to the conscience-shocking level," and thus, to give rise to liability for violation of a constitutional right. *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). Here, while plaintiffs appear to allege that the New York City defendants intentionally violated Derrick Hamilton's constitutional rights, there are no allegations of similar intentional misconduct targeted at plaintiffs' familial relationship with Hamilton. Indeed, several courts in the Second Circuit have found, on facts similar to those pled in the complaint here, that no claim for violation of a right to familial association can survive. *See, e.g., McCray v. City of New York*, No. 03 Civ. 9685 (DAB), 2007 U.S. Dist. LEXIS 90875, at *96 (S.D.N.Y. Dec. 11, 2007) (dismissing a loss of intimate association claim without prejudice since plaintiffs did not demonstrate that "Defendants acted with intent to disrupt familial association or that Defendants acted with deliberate indifference to their familial association rights.") Thus, the complaint should be dismissed in its entirety, as the only claims in this matter are familial association claims.

*Qualified Immunity.* Even if the Court finds that plaintiffs have articulated a familial association claim, the complaint should be dismissed in its entirety nonetheless because the defendants are entitled to qualified immunity. *See, Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (a court may decide whether defendants are entitled to qualified immunity without deciding whether a constitutional right has been violated). Qualified immunity shields government officials from civil suit for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the Second Circuit, it has never been clearly established whether something less than intentional conduct directed at a plaintiff's familial relationship by a defendant can violate the right to familial association. *Patel*, 305 F.3d at 137. In fact, a number of district court decisions have found that it does not. It is not clearly established that allegations leading to an individual's false arrest or malicious prosecution that do not directly impact a family relationship can give rise to a familial association claim by that individual's family members. The defendants are thus also entitled to qualified immunity.

*Prosecutorial Immunity.* Finally, Detective Investigator Ponzi is entitled to absolute prosecutorial immunity, as an employee of the Kings County District Attorney's Office. "[A]bsolute immunity protects a prosecutor from …liability for virtually all acts, regardless of motivation, associated with his function as an advocate," *Collins v. City of New York,* 923 F.

2

Supp. 2d 462, 470 (E.D.N.Y. 2013) (quoting *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir. 1994). Absolute immunity further shields from suit employees of the District Attorney's office who were acting in furtherance of the prosecutor's function as an advocate. *Collins*, 923 F. Supp. 2d at 472. If Detective Investigator Ponzi coerced Smith into testifying at the grand jury and at trial in accordance with her prior statement to Detective Scarcella, such actions were clearly undertaken as part of the prosecutor's function as advocate, and thus, Detective Investigator Ponzi is entitled to absolute immunity for those alleged acts.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Angharad Wilson
Assistant Corporation Counsel

cc:   All Counsel (via ECF)