UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
BRITTANY HAMILTON, RICHETTA GREENE, and DAVONE GREENE,

                          Plaintiffs,

  -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE LOUIS SCARCELLA, Individually and in his capacity as a New York City Police Officer, DETECTIVE FRANK DELOUISA, Individually and in his capacity as a New York City Police Officer, INVESTIGATOR JOSEPH PONZI, Individually and in his capacity as an investigator for the Kings County District Attorney's Office,

                          Defendants,
---------------------------------------------------------------------X

Docket No.
17-cv-6384(CBA)(SJB)

**AMENDED**
**COMPLAINT**

      Plaintiff(s), by their attorneys, CAITLIN ROBIN AND ASSOCIATES, PLLC, as and for their Verified Amended Complaint, upon information and belief, alleges the following:

      1.    At all times hereinafter mentioned, the Brooklyn District Attorney's Office was located in the County of Kings, State of New York.

      2.    At all times set forth herein, the plaintiff Richetta Greene was the lawfully wedded husband of Derrick Hamilton.

      3.    At all times set forth herein, the plaintiff Brittany Hamilton was the natural born daughter of Derrick Hamilton.

      4.    At all times set forth herein, the plaintiff Davone Greene was the natural born son of Derrick Hamilton

      5.    The instant action arises out of the false arrest, malicious

prosecution, wrongful conviction and wrongful imprisonment of Derrick Hamilton.

6. The details giving rise to the conviction are discussed at length in People v. Hamilton, 115 AD3d 12 (2nd Dept. 2014).

7. The plaintiffs in the above action filed a notices of claim with the City of New York on or about April 2, 2015. No demand for a 50-H hearing was ever sent by the City of New York, New York Police Department or Kings County District Attorney's Office.

### JURY DEMAND

8. Plaintiff hereby demands trial by jury of all issues raised in this Complaint.

### OVERVIEW

9. The case arises out of the wrongful conviction of the plaintiffs' father and husband, Derek Hamilton.

10. Derek Hamilton was charged, convicted and ultimately exonerated for the shooting death of Nathaniel Cash. The shooting occurred on January 4, 1991.

11. At the time of the shooting Derek Hamilton was in New Haven, Connecticut.

12. Detective Frank DeLouisa investigated the shooting. There was a sole witness to the shooting, one Jewel Smith. Ms. Smith told Det. DeLouisa that she did not see the shooter.

13. However, DeLouisa and Det. Scarcella took Ms. Smith into custody and threatened and coerced Ms. Smith to identify Derek Hamilton as the shooter. Specifically, Scarcella threatened to violate Ms. Smith's parole and take her children away if she did not identify Mr. Hamilton as the shooter.

2

14. On or about March of 1991, Detective Scarcella and another NYPD individual showed up at Richetta Greene's mothers house located at 415 Lafayette Avenue, Apt 11B, Brooklyn, New York.

15. In this March 1991 incident, Detective Scarcella said in sum and substance, "Do you know where Derrick is? Are you aware that Derrick killed someone? Are you aware your husband is a murderer? Were looking for Derrick because he was involved in an incident where Nathaniel Cash got killed in an altercation involving Nate's girlfriend. Derrick shot him and killed him. You should know what type of guy you are dealing with, he is a murderer, he is dangerous, he killed this guy. This is not Derrick's first brush with the law." Richetta Greene was pregnant with Derrick's daughter, Brittany, at the time of this incident at her mothers house involving Detective Scarcella and another NYPD individual. Detective Scarcella's conduct in threatening Richetta Greene shocks the conscious and depicts an effort to intentionally interfere with their familial relationship. In and around March 1991, both Detective Frank DeLouisa and Investigator Joseph Ponzi further visited the Hamilton home and approached Richetta Greene with statements further indicating that Derrick Hamilton was a murderer, a threat, and could not be trusted. This ongoing intimidation was an intentional effort by the Detective and Investigator to intimidate the Plaintiff, deprive her of the right to her spousal relations, and also a means by which they could intentionally alienate the infant Davone Greene in an effort to secure coerced testimony. This conduct shocks the conscious and shows intentional conduct on behalf of these named defendants.

16. Davone Greene, an 8 year old boy at the time, was present during the interaction between Detective Scarcella and Richetta Green. Davone saw Detective Scarcella yell at his mother, insult his father, and point his finger in their faces. Davone was visibly upset and shaken

3

after Detective Scarcella and the other NYPD officer left the residence.

17. Thereafter, Mr. Hamilton was arrested and indicted for murder.

18. During the course of his defense, Mr. Hamilton identified Kim Freeman and Alphonso Dixon of New Haven, Connecticut as alibi witnesses who would have testified, *inter alia,* that Mr. Hamilton was in New Haven, Connecticut at the time of the shooting death of Mr. Cash.

19. P.O. White, acting at the behest and in concert with Det. Scarcella intimidated those witnesses in New Haven, Connecticut thereby ensuring they would not appear in court during Mr. Hamilton's murder trial.

20. Based solely on the coerced testimony of Jewel Smith, and without the exculpatory alibi witness testimony of Freeman and Dixon, Mr. Hamilton was found guilty of second degree murder and sentenced to 25 years to life in prison.

21. After the conviction, Mr. Hamilton was transferred to prison and was not released until December 7, 2011.

22. During his time in prison, and due to the efforts of the defendants to secure the wrongful conviction, Mr. Hamilton became estranged from his children and his wife.

23. Derrick's kids, Davone Greene and Brittany Hamilton, blamed Derrick for being in jail.

24. Derrick's kids resented Derrick for being in jail.

25. Derrick's kids did not have a father around growing up.

26. Richetta Greene did not have a husband around, or a partner to

4

raise her children.

27. As a result Richetta Greene has suffered a loss of consortium in that she has been deprived of the familial relationship including the care, sexual relations, companionship, household help, financial support, emotional support, and love of her husband.

28. On January 9, 2015, the Kings County Supreme Court granted Mr. Hamilton's CPL §440.10 motion and vacated his conviction and dismissed the indictment entirely based on Mr. Hamilton's claim of actual innocence.

## FACTUAL BACKGROUND

29. On January 4, 1991 around 11 am in Brooklyn, New York, Nathaniel Cash was shot to death. At the same time in New Haven, Connecticut, Derek Hamilton was meeting with talent agent Kelly Turner and her assistant Davette Mahan.

30. Det. DeLouisa responded to the scene of the shooting an encountered the victim's girlfriend, Jewel Smith, given name being Karen Smith. Ms. Smith, at the scene of the shooting, gave Det. DeLouisa a statement saying she did not witness the shooting and was in a nearby store when the shooting occurred.

31. Another individual named Taseem Douglas was also at the scene of the shooting Det. DeLouisa did not attempt to obtain a statement from Mr. Douglas.

32. Although Ms. Smith did not witness the shooting, DeLouisa brought her to an NYPD precinct. At the precinct, Ms. Smith was confronted by Det. Scarcella. He specifically threatened to violate her parole (for consorting with a known felon Mr. Cash) and take her children away if she did not identify Mr. Hamilton. Ms. Smith reluctantly implicated Mr. Hamilton.

5

33. Once Ms. Smith implicated Mr. Hamilton, the Kings County District Attorney (hereinafter KCDA) became involved with the case. The KCDA assigned an investigator Joseph Ponzi to ensure that Ms. Smith maintained her story. Mr. Ponzi even testified that it was his part of his job to hold reluctant witnesses to their story. Ms. Smith testified at the grand jury and implicated Derek Hamilton, and as a result, he was indicted for the Murder of Mr. Cash.

34. Through the coercion of Ms. Smith, she gave perjured testimony to the grand jury. This perjured testimony and false identification caused Mr. Hamilton to be indicted and arrested without probable cause.

35. In March of 1991, Detective Scarcella and another NYPD individual showed up at Richetta Greene's mom house with the intention of alienating Derrick's entire family from him by spreading lies that he was a murderer.

36. Detective Scarcella specifically told Richette Green that Derrick was a murderer, and that he killed Nathanial Cash, at 415 Lafayette Avenue, Apt 11B. This was an intentional effort to destroy the right to familial relationship.

37. After being arrested, Mr. Hamilton filed the notice of alibi witnesses. Detective Scarcella and Officer White then purposefully and intentionally intimidated Mr. Hamilton's alibi witness and made them unavailable for the time of trial.

38. Specifically, White visited Alphonso Dixon and told him he would die in prison if he testified at Hamilton's trial. Since Mr. Dixon was an informant for Officer White, this threat carried particular weight. White also visited other potential alibi witnesses and intimidated them to prevent them from appearing at the trial.

39. After giving grand jury testimony, Ms. Smith, via an attorney, George

6

Sheinberg, Esq., recanted her testimony. However, Ponzi and Scarcella obtained a material witness order and had her forcibly relocated. Thereafter, whenever Ms. Smith attempted to recant, Ponzi and Scarcella would threaten Ms. Smith that they would take away her children if she changed her testimony.

40. Ms. Smith testified that Mr. Cash was shot in the vestibule of a building. There was no blood spatter in the vestibule of the building where he was allegedly shot.

41. Mr. Taseem Douglas, who was at the scene of the shooting when DeLouisa arrived, actually could have identified the shooter. Specifically, "Money" Will Dawson was one of the shooters and actually threatened Ms. Smith at the scene of the shooting.

42. Since DeLouisa, Scarcella and Ponzi coerced the statement and testimony from Ms. Smith, the prosecutor was never advised about her statement at the scene that she did not witness the shooting. Upon information and belief, since the prosecutor was never advised that Karen Smith was the given name of Jewel Smith, her prior statement was never provided to defense counsel in violation of the prosecutor's duty under Brady v. Maryland, 373 US 83 (1963). This allowed the prosecutor to argue that Ms. Smith had identified Mr. Hamilton as the shooter at the scene, which was a fabrication coerced by DeLouisa, Scarcella and Ponzi.

43. As a result of the coerced testimony of Ms. Smith, Mr. Hamilton was convicted of murder. There was no physical evidence, ballistic evidence, corroborating evidence or any other basis for the conviction other than the fabricated testimony coerced by DeLouia, Scarcella and Ponzi.

44. After the conviction, but before the sentencing, Ms. Smith signed an affidavit recanting her testimony. She also testified, under oath, that her trial testimony was

7

false and it was coerced because of threats by Ponzi and Scarcella.

45. Scarcella also testified. He perjured himself and denied coercing her and instead claimed that her recantation was due to fear of retribution by Hamilton's family.

46. On April 2, 1996 the court held a 440 hearing. At that hearing, Taseem Douglas testified that he saw the shooting and that the shooters were Money Will Dawson and Amir Yaya Johnson. In response, Officer White and Scarcella conspired with each other and fabricated evidence to discredit Mr. Douglas on a collateral matter and again presented false testimony to the hearing court.

47. Mr. Douglas's testimony is corroborated by Ms. Smith's testimony that Dawson was at the scene after the shooting. Additionally, DeLouisa also acknowledged that Dawson was at the scene after the shooting. Furthermore, the ballistic evidence shows that Cash was shot with two guns in the back, as he fled the apartment building, all consistent with Mr. Douglas's testimony.

48. Additionally, Mr. Hamilton's alibi is corroborated by New Haven Police Officer Kelly Turner and Davetter Mahon, an ordained minister. Furthermore, there is evidence that Mr. Dixon rented a room at a Quality Inn in New Haven, which corroborates Mr. Hamilton's alibi that he was at a party in New Haven the night before the shooting as well.

49. Thus, there is substantial evidence that Mr. Hamilton was actually innocent of this crime, his conviction notwithstanding.

50. In 2007, officer White pleaded guilty to bribery and stealing FBI money in a sting operation. He was sentenced to 37 to 46 months in prison and paid a fine and restitution.

51. The past two years, substantial allegations about the investigative methods of Louis Scarcella have been uncovered. As a result of what can only be called corrupt practices by Scarcella, over 5 murder convictions have been overturned and over 70 convictions are being reviewed by the Kings County District Attorneys Office.

52. On January 9, 2015, the Kings County District Attorney, represented by Mark Hale, stated the following in support of their conclusion that Mr. Hamilton's conviction should be vacated:

> As the court knows, the proceeding that was before the court was delayed for sometime because the conviction review unit of the district attorney's office was investigating the case at the request of Mr. Hamilton. This investigation has taken the better part of the last year.
>
> As a result of the investigation, your Honor, we found that in this particular case, the sole eyewitness against Mr. Hamilton at trial, in analyzing her testimony and her statement, the People have determined - the conviction review unit has determined that she is, as a whole, unreliable, incredible and for the most part untruthful. And because she was unreliable, untruthful and incredible in her testimony against Mr. Hamilton being the sole eyewitness, they had to depend upon her credibility in order to convict Mr. Hamilton.

Because of that, Mr. Hamilton's due process rights were violated by the use of this witness at trial because of the nature of her inconsistency and incredibility. As a result, the district attorney has determined the conviction against Mr. Hamilton cannot stand, it should be vacated.

53. Judge Guzman of the Supreme Court of Kings County granted Hamilton's 440 motion and the People's application, and vacated Mr. Hamilton's conviction and dismissed the indictment causing the instant claims to accrue.

54. Defendants' systematic misconduct caused Plaintiffs to suffer a tragic deprivation of a husband and father who will never be the same. Defendants took Derrick Hamilton away from Plaintiffs, framed him for a murder he not commit, and locked him away for over 23 years, dramatically altering the course of Plaintiffs' lives and who they each are as human beings, all in violation of their well-established constitutional rights to familial association and access to courts.

55. During Mr. Hamilton's incarceration, his relationship with his children was virtually non-existent. Furthermore, his relationship with his wife was also virtually non-existent. As a result of the defendants wanton and malicious conduct, the plaintiffs suffered severe familial discord and the loss of services of a father and husband.

## STATEMENT OF JURISDICTION

56. Jurisdiction is vested with this court because the causes of action on behalf of the plaintiffs arise under the law of the constitution under 28 USC §1331 and 42 U.S.C. § 1983.

57. Supplemental jurisdiction over Plaintiffs' pendent state law claims exists pursuant to 28 U.S.C. § 1367(a).

### Cause of Action 1 by Richetta Greene 42 USC 1983 Deprivation of Liberty Under the Fourth and Fourteenth Amendments

58. The plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-57 as though set forth fully herein.

59. At all times hereinafter mentioned, the plaintiff Richetta Greene was the lawfully wedded wife of Derrick Hamilton.

60. The plaintiff Richetta Greene has a constitutionally protected right to familial companionship and society.

61. The plaintiffs constitutionally protected right to familial companionship and society was deprived by the defendants conduct. Defendants conduct was intentional and egregious in nature.

62. As a result of the defendants unwarranted and intentional interference with the plaintiffs constitutionally protected right to familial companionship and society, her substantive due process rights were denied.

63. The plaintiff Richetta Greene suffered damages as a result of the deprivation of her substantive due process rights.

### Cause of Action 2 by Brittany Hamilton 42 USC 1983 Deprivation of Liberty Under the Fourth and Fourteenth

11

### Amendments

64.    The plaintiffs repeat and reallege each and every allegation contained In paragraphs 1-63 as though set forth fully herein.

65.    At all times hereinafter mentioned, the plaintiff Brittany Hamilton was the natural born daughter of Derrick Hamilton.

66.    The plaintiff Brittany Hamilton has a constitutionally protected right to familial companionship and society

67.    The plaintiffs constitutionally protected right to familial companionship and society was deprived by the defendants conduct. Defendants conduct was intentional and egregious in nature.

68.    As a result of the defendants unwarranted interference with the plaintiffs constitutionally protected right to familial companionship and society, her substantive due process rights were denied.

69.    The plaintiff Brittany Hamilton suffered damages as a result of the deprivation of her substantive due process rights.

### Cause of Action 3 by Davone Greene 42 USC 1983 Deprivation of Liberty Under the Fourth and Fourteenth Amendments

70.    The plaintiffs repeat and reallege each and every allegation contained In paragraphs 1-69 as though set forth fully herein.

71.    At all times hereinafter mentioned, the plaintiff Davone Greene was the natural born son of Derrick Hamilton.

72.    The plaintiff Davone Greene has a constitutionally protected right to familial

companionship and society. Defendants conduct was intentional and egregious in nature.

73. The plaintiff's constitutionally protected right to familial companionship and society was deprived by the defendants conduct.

74. As a result of the defendants unwarranted interference with the plaintiffs constitutionally protected right to familial companionship and society, his substantive due process rights were denied.

75. The plaintiff Davone Greene suffered damages as a result of the deprivation of his substantive due process rights.

### Cause of Action 4 by All Plaintiffs Intentional Infliction of Emotional Distress

76. Brittany Hamilton, Richetta Greene, Davone Greene, hereby incorporate by reference all of the foregoing paragraphs and further allege as follows:

77. Defendants engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing emotional distress to Plaintiffs. As a result of Defendants' actions, Plaintiffs suffered and continue to suffer severe emotional distress in the form of countless sleepless nights, night terrors, feelings of helplessness, suicide attempts, bullying, as well as being shunned by society as the wife and children of a murderer.

78. These acts caused Brittany Hamilton, Richetta Greene, Davone Greene to suffer the damages set forth above.

### Cause of Action 5 by All
### Plaintiffs Negligent Infliction of
### Emotional Distress

79. Brittany Hamilton, Richetta Greene, Davone Greene hereby incorporate by reference all of the foregoing paragraphs and further allege as follows:

80. Defendants owed a duty of care to the Plaintiffs to act with reasonable care and breached that duty when they wrongfully arrested and imprisoned Derrick Hamilton and lied to plaintiffs regarding his guild, thereby denying the Plaintiffs of their relationship with their husband and father. In denying the Plaintiffs a relationship with Derrick Hamilton, the Plaintiffs suffered and continue to suffer severe emotional distress in the form of countless sleepless nights, night terrors, feelings of helplessness, suicide attempts, bullying, as well as being shunned by society as the wife and children of a murderer.

81. Defendants' actions resulted in the direct and immediate harm to the Plaintiffs as their family was completely destroyed by the wrongful conviction of Derrick Hamilton. The actions of Detectives Scarcella, DeLouisa and Ponzi were intentional acts to alienate and destroy the familial relationship.

82. These acts caused Brittany Hamilton, Richetta Greene, Davone Greene to suffer the damages set forth above.

### Cause of Action 6 by All Plaintiffs
### Negligent Hiring, Training, and
### Supervision Under State Law against
### Defendant City of New York

83. Plaintiffs Brittany Hamilton, Richetta Greene, Davone Greene hereby incorporate by reference all of the foregoing paragraphs and further allege as follows:

84. By virtue of the foregoing, defendant City of New York is liable to plaintiffs

because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties, and for negligent retention of same.

### Attorneys' Fees

85.  Pursuant to 42 USC §1988, in the event they prevail in this action, plaintiffs are entitled to attorneys' fees in an amount determined by the court.

**WHEREFORE,** plaintiff demands judgment against the defendants jointly and severally in an amount to be determined at trial, together with the costs and disbursements of this action.

Yours, etc.,

_____
Caitlin Robin, Esq.
CAITLIN ROBIN & ASSOCIATES, PLLC
Attorneys for Plaintiff(s)
30 Broad Street
Suite 702
New York, NY 10004
(646)-524-6026

Docket No. 17-cv-6384(CBA)(SJB)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BRITTANY HAMILTON, RICHETTA GREENE, and DAVONE GREENE,

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE LOUIS SCARCELLA, Individually and in his capacity as a New York City Police Officer, DETECTIVE FRANK DELOUISA, Individually and in his capacity as a New York City Police Officer, INVESTIGATOR JOSEPH PONZI, Individually and in his capacity as an investigator for the Kings County District Attorney's Office,

Defendants.

---

**AMENDED COMPLAINT**

---

**CAITLIN ROBIN & ASSOCIATES, PLLC**
*Attorneys for Plaintiffs*
**BRITTANY HAMILTON, RICHETTA GREENE, and DAVONE GREENE**
**30 Broad Street, Suite 702**
**New York, NY 10004**
**(646) 524-6026**